UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL EDGAR CONE,

        Petitioner,                         Case Number: 2:20-10207
                                                          HONORABLE SEAN F. COX

v.

STATE OF MICHIGAN,

        Respondent.
_____/

**OPINION AND ORDER
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT
PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Michael Edgar Cone has filed a petition for a writ of habeas corpus. At the time he filed the petition, Petitioner was incarcerated at the Federal Correctional Institution in El Paso, Oklahoma, pursuant to a conviction for conspiracy to commit wire fraud. The petition concerns charges pending in Oakland County Circuit Court. For the reasons set forth, the Court dismisses the petition without prejudice and denies a certificate of appealability.

**I.    Background**

In July 2016, charges were filed against Petitioner in Oakland County Circuit Court for operating a vehicle while intoxicated, third offense, Mich. Comp. Laws §257.625(6), and operating a motor vehicle with a suspended license, Mich. Comp. Laws § 257.904(1). In November 2016, Petitioner filed a motion for speedy trial. The circuit court denied the motion and provided the following summary of the proceedings:

Defendant failed to appear for a pretrial in this action on October 5, 2016. The Court, therefore, ordered that a bench warrant would be issued and bond forfeited. On October 19, 2016, this Court issued an "Order for Bench Warrant and Bond Forfeiture and Revocation of Release Order." In that order, the Court ordered that a bench warrant be issued commanding the arrest of Defendant and ordering that Defendant be brought before this Court for disposition because he failed to appear for his pretrial. The Court further ordered that the bond was forfeit[ed] and that if the Defendant failed to surrender to the Court within 28 days, a judgment in the full amount of the bond, plus costs, would be entered against the Defendant and any bond depositor. Defendant still failed to appear before this Court and, on December 15, 2016, this Court entered a "Judgment after Bond Forfeiture," in which it entered a judgment for the full bond amount against Defendant and his bond depositor. The Court further noted that the original charges against Defendant were still pending and a bench warrant to apprehend him had been issued.

Defendant apparently fled the State of Michigan and again violated the law. He currently is incarcerated by the Federal Bureau of Prisons at the Federal Correctional Institute in El Reno, Oklahoma. According to the documents attached to the Motion, on or about February 20, 2019, the Federal Bureau of Prisons sent a "Detainer Action Letter" to the Oakland County Sheriff's Office, in which it stated:

> This office is in receipt of the following report: Pre Sentence Report indicates possible charges out of your county - OPERATING WHILE INTOXICATED/IMPAIRED; OPERATING LICENSE SUSPENDED, REVOKED, 2ND OR SUBSEQUENT OFFENSE. Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer, or indicate you have no further interest in the subject.

Defendant has not presented any proof that the Oakland County Sheriff's Office placed a detainer by following these steps or that it otherwise responded to the letter. In addition, this Court contacted the Oakland County Sheriffs Office and the Oakland County Prosecutor's Office to determine whether they placed a detainer against Defendant and was advised that they did not.

> Nevertheless, Defendant now "demands a Fast and Speedy Trial/Final Disposition" of all pending charges against him in this action. Defendant invokes the Sixth Amendment to the U.S. Constitution and the Interstate Agreement on Detainers in support of his request.

*See* 4/18/19 Oakland Cir. Ct. Order at 1-2 (ECF No. 9-3, PageID.144-45.)

Petitioner filed an application for leave to appeal the denial of his motion for speedy trial. The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *People v. Cone*, No. 348946 (Mich. Ct. App. Aug. 30, 2019). Petitioner did not seek leave to appeal from the Michigan Supreme Court. *See* 9/18/2020 Affidavit of Larry Royster, Clerk, Michigan Supreme Court (ECF No. 9-5, PageID.154).

Petitioner then filed this habeas corpus petition. He argues that the state court has violated his rights to due process and a speedy trial under the Fifth, Sixth, and Fourteenth Amendments. He filed the petition under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241. Because Petitioner has not been convicted in state court, his petition is properly filed under 28 U.S.C. § 2241. *See Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008) (§ 2254 is reserved for those held pursuant to the *judgment* of a State court and § 2241 applies to pretrial petitions).

**II.    Discussion**

Petitioner argues that his rights were violated when the State of Michigan lodged a detainer against him while he was in federal custody in Oklahoma and then failed to promptly try him in violation of the Speedy Trial Clause. Respondent maintains that the petition must be dismissed because Petitioner has not exhausted his speedy trial claim.

3

As a threshold matter, the Court addresses whether Petitioner was in custody at the time he filed his petition. District courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). A habeas petitioner "must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Respondent maintains that Petitioner was not "in custody" at the time the petition was filed because no detainer was filed by Michigan. Petitioner disputes this point, but the trial court made a factual finding that no detainer had been issued when the court ruled on Petitioner's motion. *See* ECF No. 9-3, PageID.148. Petitioner provides no "clear and convincing evidence" to rebut the presumption of correctness afforded state court factual findings. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that if a detainer has been lodged against a prisoner, the "in custody" jurisdictional requirement is satisfied allowing a petitioner "held in one State to attack a detainer lodged against him by another State." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973); *see Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018) (holding Alabama prisoner satisfied "in custody" requirement to challenge a Kentucky proceeding because Kentucky had lodged a detainer against him). In *Braden*, the Supreme Court expressly declined to decide whether the petitioner "would be sufficiently 'in custody' to attack the ... indictment" returned by the non-holding state if no detainer was filed. *Id*. at 489 n. 4.

In *Sargent v. Duckworth*, No. 97-6170, 1998 WL 898876 (6th Cir. 1998), the Sixth

Circuit Court of Appeals held that an Indiana prisoner was "in custody" pursuant to a Kentucky conviction even though no detainer had been lodged against him.  The Sixth Circuit so held on the grounds that Kentucky "exercised some control over the petitioner" because he had already been tried and convicted in Kentucky, Indiana treated certain "Kentucky paperwork" as a detainer, and it was "reasonable to expect that Kentucky will seek to enforce its sentence in the future."  *Id.* at *2.

In contrast, in this case no detainer has been issued and Petitioner has not shown that Michigan exercised some other type of restraint over him while he was in federal custody. Petitioner therefore was not "in custody" when he filed his habeas petition.

Even if Petitioner satisfied the "in custody" requirement, the petition is subject to dismissal for failure to exhaust.  A state prisoner is required to exhaust his available state remedies before seeking relief in federal court under § 2241.  *See Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020).  In order to exhaust a claim for federal habeas review, petitioners must present their grounds for review to both state appellate courts.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Here, Petitioner's speedy trial claim is unexhausted because it was not raised in the Michigan Supreme Court.

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency."  *Urquhart v. Brown*, 205 U.S. 179, 182 (1907); *Smith v. Evans*, No. 08-11188, 2008 WL 880007, *2 (E.D. Mich. March 31, 2008).  Petitioner has failed to allege any urgent circumstances sufficient to warrant interference by this Court in a matter pending in state

court. The petition will be dismissed without prejudice.

### III. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the dismissal of the petition. Therefore, the Court will deny a certificate of appealability.

### IV. Conclusion

The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** and a certificate of appealability is **DENIED.**

**SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 5, 2021